UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                 Case No. 6:15-bk-10459-CCJ
                                                                       Chapter 7
CRISHNA AVIDASH PERSAUD

    Debtor.
_____/

ARVIND MAHENDRU, as CHAPTER 7                    Adv. Pro. No. _____
TRUSTEE FOR CRISHNA AVIDASH
PERSAUD,

    Plaintiff,

v.

CRISHNA AVIDASH PERSAUD, individually,
NIRVANA DEBBIE PERSAUD, individually,
PREA KAGOLANU, individually, and MORRISON
COHEN, LLP, a limited liability partnership,

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY, AND DECLARATORY JUDGMENT

Plaintiff, ARVIND MAHENDRU, as CHAPTER 7 TRUSTEE FOR CRISHNA AVIDASH PERSAUD, ("Plaintiff" or "Trustee"), by and through his undersigned counsel, hereby files this Complaint seeking Injunctive Relief, damages for Violation of the Automatic Stay, and Declaratory Judgment against Defendants, CRISHNA AVIDASH PERSAUD ("Debtor"), NIRVANA DEBBIE PERSAUD ("Ms. Persaud"), PREA KAGOLANU ("Ms. Kagolanu"), and MORRISON COHEN, LLP ("Morrison Cohen"), and in support thereof states the following:

## PARTIES AND JURISDICTION

1. On December 16, 2015, the Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Case").

2. On October 31, 2016, the Bankruptcy Case was converted to a case under Chapter 7 pursuant to this Court's *Order Converting Case from Chapter 13 to Chapter 7* (Doc. No. 93).

3. The Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

4. The Debtor is an individual residing in the State of New York.

5. Ms. Persaud is an individual residing in the State of New York. Ms. Persaud is the Debtor's wife.

6. Ms. Kagolanu is an individual residing in the State of New York. Ms. Kagolanu is the Debtor's sister.

7. Morrison Cohen is a limited liability partnership operating in the State of New York and which maintains offices in New York, New York. Morrison Cohen is a law firm.

8. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b).

9. Venue is proper in this district under 28 U.S.C. § 1409.

10. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## STATEMENT OF THE FACTS

11. On or about April 26, 2014, the Debtor entered into a Purchase and Sale Contract for Residential Property ("Purchase and Sale Contract") with Bishen Harricharran ("Mr. Harricharran"). Under the Purchase and Sale Contract, the Debtor agreed to purchase, and Mr. Harricharran agreed to sell, certain real property located at 117-06 107th Avenue, Queens, New York 11419 (the "Property"). A copy of the Purchase and Sale Contract is attached hereto as **Exhibit "A"**.

12. The only parties to the Purchase and Sale Contract are the Debtor and Mr. Harricharran. *See* **Exhibit "A."**

13. The stated purchase price of the Property pursuant to the terms of the Purchase and Sale Contract was $450,000.00. In addition, the Purchase and Sales Contract provided for a closing on the Property on or before May 1, 2016.

14. On or about April 26, 2014, the same date that the Debtor and Mr. Harricharran entered into the Purchase and Sale Contract, the Debtor paid to Mr. Harricharran $40,000.00 as a down payment for the Property. A copy of a Chase Cashier's Check remitted by the Debtor to Mr. Harricharran reflecting the $40,000.00 down payment on the Property is attached hereto as **Exhibit "B."**

15. Pursuant to Section 9(a) of the Purchase and Sale Contract, the Debtor represented to Mr. Harricharran that he was purchasing the Property for use as his primary residence, and the Debtor represented further that he intended to occupy the Property as his primary residence.

16. Debtor, in fact, occupies the Property.

### *The Trustee's Communications with Morrison Cohen*

17. On November 6, 2015, immediately prior to initiating this Bankruptcy Case, the Debtor and Ms. Persaud, as Plaintiffs ("New York Plaintiffs"), filed a lawsuit in the Supreme Court of the State of New York, County of Queens, Index. No. 711630/2015 ("New York Litigation") against Defendants, Bishen Harricharran, the Estate of Lalbachan Harricharran, and Lalbachan Harricharran (collectively the "New York Defendants"). Although Ms. Persaud is a party to the New York Litigation, she is not a party to the Purchase and Sale Contract. It is unclear what interest, if any, she maintains in the Property other than a possessory interest as tenant.

18. The New York Litigation was purportedly commenced as a result of the New York Defendants' failure or refusal to perform in accordance with the terms Purchase and Sale Contract.

19. The Verified Complaint filed in the New York Litigation contains eight causes of action, including, among others, an action for specific performance seeking an order that requires the Defendants to convey the Property to the Debtor in accordance with the terms of the Purchase and Sale Contract (the "Verified Complaint"). A true and correct copy of the Verified Complaint is attached hereto as **Exhibit "C."**

20. The Verified Complaint filed in the New York Litigation also includes a cause of action seeking damages in excess of $350,000.00 as a result of the New York Defendants' breach of Contract for failing to convey the Property as required by the Purchase and Sale Contract.

21. According to the Verified Complaint, the Debtor, after executing the Purchase and Sale Contract and after advancing to Mr. Harricharran the $40,000 down payment, paid approximately $200,000 to improve and renovate the Property.

22. Upon the filing of this Bankruptcy Case, the Debtor's interest in the New York Litigation became property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541.

23. On or about November 16, 2016, Jason Gottlieb, Esq., of the Morrison Cohen law firm substituted into the New York Litigation as counsel to the New York Plaintiffs. As of today's date, the Morrison Cohen law firm continues to act as the New York Plaintiffs' counsel of record in the New York Litigation.

*The Settlement Proposal*

24. In January of 2017, the Trustee began exploring whether the New York Litigation had any value to the bankruptcy estate, and if so, how best to administer that value. In connection with that due diligence, the Trustee's counsel, Winderweedle, Haines, Ward & Woodman, P.A. ("WHWW"), contacted the Morrison Cohen firm regarding the status of the New York Litigation and the potential value of the Debtor's claim. Meanwhile, the Trustee had communications with the New York Defendants and their counsel.

25. In late March, the Trustee had discussions with counsel for the New York Defendants to resolve the New York Litigation in exchange for a settlement payment in the amount of $40,000.

26. In an effort to maximize the value of the estate, on March 27, 2017, WHWW advised Morrison Cohen of the offer and asked for a competing offer by March 31, 2017. A true and correct copy of the March 27, 2017 e-mail is attached hereto as **Exhibit "D."**

27.     In response, on April 3, 2017, Morrison Cohen contended in an initial e-mail that "the Trustee does not have the right or power to settle the Queens litigation, or control it in any way. . ." and further contended the Trustee was "interfering in a lawsuit in which you have no legal right to participate." Morrison Cohen made these representations even though the Debtor was a named plaintiff in the New York Litigation and even though the Debtor is the purchaser in the pre-petition Purchase and Sale Agreement. Morrison Cohen further threatened "to seek sanctions" against the Trustee's counsel for "acting in bad faith" while the Trustee was simply attempting to preserve an asset of the bankruptcy estate.

28.     Morrison Cohen apparently based its position upon an alleged assignment, which assignment was not attached to the Verified Complaint, which assignment was not referenced in any manner in the Verified Complaint, and which assignment is inconsistent with the allegations in the Verified Complaint. Despite written requests by WHWW, Morrison Cohen actually refused to produce the secret assignment to the Trustee's counsel.

29.     In reply, on April 3, 2017, WHWW advised Morrison Cohen that the New York Litigation should be abated based upon the potential settlement with the Defendants and inquired whether the Debtor would consent to the stay of the litigation. WHWW further warned that any further activity in the New York Litigation would constitute a violation of the automatic stay. Jason Gottlieb of Morrison Cohen later advised in a subsequent e-mail that day "there is no automatic stay, and I do not consent to any stay in this case." A true and correct copy of the April 3, 2017 e-mail exchange is attached hereto as **Exhibit "E."**

30.     On April 26, 2017, after the Trustee's continued settlement discussions with the New York Litigation Defendants, WHWW again communicated with Morrison Cohen via email

regarding the necessity to abate the New York Litigation. WHWW informed Morrison Cohen that the Debtor's interest in the New York Litigation constituted property of the Debtor's bankruptcy estate; that the "Debtor's ongoing prosecution of the [New York Litigation] is a violation of the automatic stay"; and, if the Debtor did not abate the New York Litigation, then the Trustee would have "no choice but to take action in this Bankruptcy case to resolve the issue." A true and correct copy of the April 26, 2017 email exchange between WHWW and Morrison Cohen is attached hereto as **Exhibit "F."**

31. In response, on May 2, 2017, Morrison Cohen again disputed that there was any violation of the stay and disagreed that the estate had control over the litigation. Morrison Cohen further contended that there is no "basis in law" to contend a violation of the stay. Unbeknownst to the Trustee, after the April 3rd warning of the automatic stay and of the estate's interest in the litigation, Morrison Cohen took steps to intervene in the New York Litigation and shift the Debtor's interest to his sister, Ms. Kagolanu. A true and correct copy of the May 2, 2017 e-mail is attached hereto as **Exhibit "G."**

### *The Unauthorized Actions and Violations of the Automatic Stay*

32. Notwithstanding the Trustee's repeated clear, written notices of the Trustee's interest and right in the New York Litigation, and despite the Trustee providing unequivocal notice that the Debtor's actions were in violation of the automatic stay, the Debtor and his law firm of Morrison Cohen have failed or refused to abate the New York Litigation.

33. The Debtor and his sister, Ms. Kagolanu, have also taken significant and deliberate actions to thwart the Trustee's interest in the New York Litigation and frustrate the Trustee's administration of the Debtor's interest in the New York Litigation.

34. Specifically, on or about April 10, 2017, Morrison Cohen sent an e-mail to the Defendants' counsel, contending that the "Trustee does not have the right to control or settle the litigation, and if he purported to do so, Ms. Kagolanu could continue the litigation against your client, rendering your client's payment of the $40,000 to the Trustee a complete waste. (Although, a nice gift to the Trustee's attorneys, who get to pocket a hefty percentage of it)." Morrison Cohen made this representation even though the Debtor had been prosecuting the New York Litigation in his own name for over a year and did not disclose the existence of the assignment in the Verified Complaint. In fact, to the contrary, Debtor contended in the Verified Complaint, ¶ 32, that he, not his sister, was "entitled to specific performance of the terms, conditions and provision of the Contract. . . ." A true and correct copy of the April 10, 2017 e-mail is attached hereto as "**Exhibit H.**" The clear purpose of the April 10, 2017 e-mail was to frustrate the Trustee's potential settlement with the Defendants.

35. Next, on or about April 19, 2017, Morrison Cohen filed a Notice of Motion, Supporting Affidavits, Exhibits, and Memorandum of Law in Support of Defendant, Ms. Kagolanu's, Motion to Intervene in the New York Litigation ("Motion to Intervene," and collectively, the "April 19 Filings"), true and correct copies of which are attached hereto as **Composite Exhibit "I."**

36. Morrison Cohen filed the Motion to Intervene in an effort to frustrate the Trustee's interest in the New York Litigation and to undermine the Trustee's settlement negotiations with the New York Defendants. Rather than heed the Trustee's repeated warnings regarding the automatic stay, Morrison Cohen opted to circumvent the bankruptcy estate by attempting to shift, outside the purview of the bankruptcy court and the Trustee, the interest in

the litigation to an insider, the Debtor's sister, Ms. Kagolanu.  These actions are to the serious detriment of the Debtor's bankruptcy estate and its creditors.

37.     Indeed, the Motion to Intervene explicitly states that Ms. Kagolanu's attempted intervention should be granted, in part, to prevent any ancillary litigation or settlement by the Trustee.  In effect, the Motion to Intervene seeks to divest the Trustee of his rights to control the Debtor's interest in the New York Litigation and seeks to improperly control property of the Debtor's bankruptcy estate.

38.     Neither the Debtor, Ms. Persaud, nor Ms. Kagolanu has obtained an order from this Court granting any one of them relief from the automatic stay, despite repeated warnings to their counsel, Morrison Cohen.

39.     On May 4, 2017, after discovery of the April 19th Filings, WHWW made a final attempt to resolve the stay violations without court intervention.  In that e-mail, WHWW explained that Morrison Cohen's ongoing actions in the New York Litigation through the Motion to Intervene, coupled with the Debtor's continued refusal to abate the New York Litigation (while matters are under advisement in the New York Litigation), constituted a blatant violation of the automatic stay imposed under 11 U.S.C. § 362.  Despite the clear nature of the violations, WHWW simply requested that Morrison Cohen withdraw the April 19th filings, abate the New York Litigation, and cease interfering with the Trustee's settlement efforts. Yet, Morrison Cohen has steadfastly refused to take those measures and has instead launched spurious, unfounded allegations against WHWW's counsel. A true and correct copy of the May 4, 2017 email exchange between WHWW and Morrison Cohen is attached hereto as **Exhibit "J."**

40.     The Defendants' actions, coupled with the Debtor's refusal to abate the New York

Litigation, constitute a willful violation of the automatic stay.

41. As a direct result thereof, the Trustee has been damaged.

## COUNT I
## INJUNCTIVE RELIEF

42. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

43. This is an action for injunctive relief pursuant to Federal Rules of Bankruptcy Procedure 7001(7) and Section 105 of the Bankruptcy Code against the Debtor, Ms. Persaud, and Ms. Kagolanu. As set forth in Paragraphs 22 through 39, the New York Litigation Plaintiffs are taking steps to thwart the Trustee's interest in and to the New York Litigation, and are frustrating the Trustee's administration of the Debtor's interest in the New York Litigation.

44. The Debtor, Ms. Persaud, and Ms. Kagolanu should be precluded from taking any actions that impair the Trustee's interest and right in the New York Litigation, or which frustrate the Trustee's administration of the Debtor's interest in the New York Litigation. If these parties are not precluded from taking such actions, the Trustee will be irreparably harmed in that he will be divested of his right to prosecute the New York Litigation, to recover damages in the New York Litigation, or to enter into a compromise with the New York Defendants, all of which actions would be for the benefit of the bankruptcy estate.

45. The Trustee has a high likelihood of success on the merits. The Trustee has a valid claim that the Debtor's right in the New York Litigation constitutes property of the bankruptcy estate. Further, the actions taken by the Debtor, Ms. Persaud, and Ms. Kagolanu have been carried out with the intent of undermining the Trustee's potential settlement with the New York Defendants or the Trustee's ability to recover damages in the New York Litigation for the benefit of the Debtor's bankruptcy estate and creditors.

46. The Trustee has a clear legal right to the relief requested as he has an interest in and to the New York Litigation, which is property of the Debtor's bankruptcy estate.

47. The Trustee lacks an adequate remedy at law. The Debtor's continued prosecution of the New York Litigation would impede, impair, or irreparably interfere with the administration of the Debtor's bankruptcy estate as the Debtor could lose its interest and risks adverse rulings.

48. If the New York Litigation is not enjoined, the threatened injury to the Trustee, as well as the Debtor's bankruptcy estate and its creditors, outweighs whatever damage the proposed injunction might cause to the Debtor, Ms. Persaud, or Ms. Kagolanu.

49. It is in the public interest, as well as in furtherance of principals of the Bankruptcy Code, to enjoin the Debtor, Ms. Persaud, and Ms. Kagolanu from continuing to pursue and take actions in the New York Litigation.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order enjoining the Debtor, Ms. Persaud, and Ms. Kagolanu from taking any further actions in the New York Litigation, and granting any other relief that this Court deems appropriate.

## COUNT II
## VIOLATION OF 11 U.S.C. § 362

50. This is an action seeking damages pursuant to 11 U.S.C. § 362 against the Debtor and Morrison Cohen or their willful and continuing violation of the automatic stay.

51. Plaintiff realleges paragraphs 1-41 as if fully set forth herein.

52. The Debtor's interest in the New York Litigation and the Purchase and Sale Agreement constitute property of the bankruptcy estate.

53. 11 U.S.C. § 362(a)(3) protects property of the bankruptcy estate from "any acts to obtain possession of property of the estate…or to exercise control over property of the estate."

54. At all times relevant hereto, the Debtor, Ms. Kagolanu, and Morrison Cohen were aware that the Debtor's bankruptcy case was pending and that the automatic stay was in effect.

55. In an effort to preserve an asset of the estate and to avoid this type of litigation, the Trustee's counsel sent multiple written requests to Morrison Cohen, as Debtor's counsel in the New York Litigation, warning of the automatic stay and requesting an abatement of the New York Litigation. Instead of abating the litigation, Morrison Cohen took deliberate actions to sabotage the Trustee's interest in the New York Litigation through the Motion to Intervene and through interference with settlement discussions, while also threatening sanctions against the Trustee's counsel and while accusing the Trustee's counsel of the unauthorized practice of law in New York.

56. The Debtor, Ms. Kagolanu, and Morrison Cohen were fully aware that the automatic stay was in effect when Morrison and Cohen filed the April 19 Filings, yet did not seek relief from stay.

57. By refusing to abate the New York Litigation, and by continuing to take affirmative actions in the New York Litigation while the automatic stay was invoked, the Debtor, Ms. Kagolanu, and Morrison Cohen acted to exercise control over property of the bankruptcy estate in violation of 11 U.S.C. § 362(a)(3).

58. The submission of the April 19 Filings by Morrison Cohen and Ms. Kagolanu constituted deliberate acts and wanton and willful violations of the automatic stay with the intent to divest the estate of its primary asset.

59. As a result of the Debtor's, Ms. Kagolanu, and Morrison Cohen's actions, the Trustee has incurred damages, including, without limitation, attorneys' fees and costs incurred by the Trustee to prosecute this Adversary Proceeding.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (i) determining that the Debtor and Morrison Cohen have willfully violated the automatic stay imposed under Section 362 of the Bankruptcy Code; (ii) awarding the Trustee actual, compensatory and punitive damages and sanctions, including the attorneys' fees and costs incurred in connection with the preparation and prosecution of this Adversary Proceeding; and (iii) for any such further relief as may be just and proper.

## COUNT III
## DECLARATORY JUDGMENT

60. This is an action for declaratory relief pursuant to Federal Rules of Bankruptcy Procedure 7001(9) against the Debtor, Ms. Persaud, and Ms. Kagolanu.

61. The Trustee incorporates paragraphs 1-41 as if fully set forth herein.

62. There is a bona fide, actual, and present dispute with respect to the status and validity of the April 19 Filings and with respect to whether the Trustee is the true party in interest in the New York Litigation.

63. The Debtor, Morrison Cohen, Ms. Persaud, and Ms. Kagolanu contend that the Trustee does not have the authority to intervene in or control the Debtor's interest in the New York Litigation and that the April 19 Filings are valid and proper.

64. Conversely, the Trustee maintains that the Debtor's interest in the New York Litigation constitutes property of the bankruptcy estate and, consequently, the Trustee has the exclusive right to pursue, settle, and control the Debtor's interest in the New York Litigation.

65. In addition, the Trustee contends that the April 19 Filings were made without authorization from the Trustee, and in violation of the automatic stay imposed by 11 U.S.C. § 362.

66. The Trustee maintains that, because the April 19 Filings were made in violation of the automatic stay, they are null and void *ab initio*, along with any future unauthorized filings, orders, or judgments.

67. The declaration sought in this action deals with present and ascertained facts, as detailed in paragraphs 1 through 41 herein.

68. The validity of the April 19 Filings and the Trustee's rights, powers, and privileges in and to the New York Litigation are dependent upon the disposition of this action.

69. The Trustee and the Defendants have an actual, present, adverse and antagonistic interest with respect to the New York Litigation and the validity of the April 19 Filings.

70. The antagonistic and adverse interests are properly before this Court.

71. The Trustee is not merely seeking legal advice, but rather seeks a declaration that the Trustee is the proper party in interest in the New York Litigation and that the April 19 Filings are invalid and void *ab initio*.

WHEREFORE, the Trustee respectfully request that this Court declare that: (i) the Trustee is the proper party in interest in the New York Litigation and that the Trustee has exclusive standing to prosecute, settle, and control the Debtor's interest in the New York

Litigation; (ii) the April 19 Filings, along with any future filings, orders, or judgments, are invalid and are void *ab initio*; and (iii) for any such further and other relief that this Court deems just and proper.

Dated May 12, 2017.

Respectfully submitted,

*/s/ Ryan E. Davis*
Ryan E. Davis, Esquire
Florida Bar No. 0179851
rdavis@whww.com
Josh A. Rubin
Florida Bar No. 0114124
jrubin@whww.com
WINDERWEEDLE, HAINES, WARD
  & WOODMAN, P.A.
Post Office Box 880
Winter Park, FL 32790-0880
(407) 423-4246
(407) 645-3728 (facsimile)
*Attorneys for Arvind Mahendru, as Chapter 7 Trustee for Crishna Avidash Persaud*.